**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DELMIRO RIVAS-MONTANO,

v.                                                Case No.:    8:03-cr-47-T-24EAJ
                                                                            8:06-cv-852-T-24EAJ

UNITED STATES OF AMERICA,

_____/

**ORDER**

This cause comes before the Court upon Delmiro Rivas-Montano's ("Montano") Motion to Vacate, Set Aside, or Correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1; CR Dkt. 154). The Government filed a response in opposition to Montano's motion (CV Dkt. 5). Montano did not file a reply.

**Background**

On or about November 23, 2002, Montano and three other crewmen were aboard a go-fast vessel in the Eastern Pacific Ocean. The vessel contained over 1,500 kilograms of cocaine. (CR Dkt. 73, p. 15). The vessel was interdicted by the United States Coast Guard ("Coast Guard") and the Panamanian National Police ("PNP"). However, the crewmen, including Montano, eluded authorities and fled into the country of Panama. (CR Dkt. 73, pp. 15-16). The Coast Guard recovered seventy-nine bales of cocaine after they were jettisoned by the crewmen during the pursuit of the vessel. (CR Dkt. 73, p. 15). On December 12, 2002, Montano, along with the other crewmen, was apprehended by the PNP (CR Dkt. 73, p. 16). The PNP interviewed Montano and he admitted to being aboard

the vessel and jettisoning the bales of cocaine. (Id.).

On February 5, 2003, Montano and the three other crewmen were indicted in a two count indictment. (CR Dkt. 6). On January 19, 2005, Montano pled guilty to Count One of the Indictment, conspiracy to possess with intent to distribute more than five kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States. Montano pled pursuant to a plea agreement. At the change of plea hearing, Montano expressly acknowledged that he understood the plea agreement, including the appeal waiver, and that he was pleading freely and voluntarily. (CR Dkt. 145, pp. 25-30). On May 4, 2005, the undersigned sentenced Montano to one-hundred and thirty-five months imprisonment as to Count One. (CR Dkt. 102, pp. 2-3). Count Two of the indictment was dismissed by the Court on the Government's motion. (Doc. CR-102 at 1). Judgment was entered that same day. (CR Dkt. 102). Montano did not appeal his conviction or sentence. On May 5, 2006, Montano timely filed the instant 28 U.S.C. §2255 motion to vacate his sentence (CV Dkt. 1; CR Dkt. 154).

**Standard of Review**

Title 28, United States Code, Section 2255 provides the framework for reviewing a federal prisoner's sentence under four circumstances: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Collateral relief under § 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *Richards v.*

*United States*, 837 F.2d 965, 966 (11th Cir. 1988). Generally, only constitutional claims, jurisdictional claims and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable in a § 2255 motion for relief. *See United States v. Addonizio*, 442 U.S. 178, 184-86, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).

In the instant motion to vacate, Montano raises four claims for relief:

(1) his attorney rendered ineffective assistance in failing to file a notice of appeal as Montano had requested;

(2) his attorney rendered ineffective assistance in failing to argue that the indictment was defective;

(3) his attorney rendered ineffective assistance in failing to argue that Montano had only a minor role in the offense; and

(4) his attorney rendered ineffective assistance in failing to possess maritime and international law experience when defending this case.

(CV Dkt. 1, pp. 5-6).

**Standard for Ineffective Assistance of Counsel Claims**

In each of his claims for relief presented in the instant petition, Montano asserts that his right to effective assistance of counsel was violated. The Sixth Amendment protects a defendant's right to the effective assistance of counsel during criminal proceedings against him. To prevail on a claim of ineffective assistance of counsel in the context of a guilty plea, Montano must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Hill v. Lockhart*, 474 U.S. 52 (1985). First, he must demonstrate that his attorney's "representation fell below an objective standard of reasonableness" considering the circumstances as they existed at the time of representation. *Strickland*, 466 U.S. at 687-88. This requires him to overcome a strong presumption that his attorney's performance was within the range of competence demanded of attorneys defending

criminal cases. *Id.* at 689. Second, even if Montano can show that counsel performed incompetently, he must also show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on proceeding to trial. *See Hill*, 474 U.S. at 59. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome of the proceedings. *Id.* at 694.

Under *Strickland*, "counsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." *See Wilson v. Welch*, 2005 WL 1054031 (M.D. Fla., Mar. 31, 2005) (quoting *Walker v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984)). In assessing a lawyer's performance, "[c]ourts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc), *cert. denied*, 531 U.S. 1204 (2001). "The inquiry into whether a lawyer has provided effective assistance is an objective one: a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take." V*an Poyck v. Fla. Dept. of Corrections,* 290 F.3d 1318, 1322 (11th Cir. 2002) (citing *Chandler*, 218 F.3d at 1315). Counsel's trial strategy cannot be second guessed, as "judicial scrutiny of counsel's performance must be highly deferential." *Chandler,* 218 F.3d at 1314 (quoting *Strickland,* 466 U.S. at 689). Tactical decisions within the range of reasonable professional competence are not subject to collateral attack, unless a decision was so "patently unreasonable that no competent attorney would have chosen it." *Adams*

*v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983). Moreover, where the record is incomplete or unclear about counsel's actions, it is presumed that counsel exercised reasonable professional judgment. As counsel's trial strategy is presumptively reasonable, the determination is not "that the particular defense lawyer in reality focused on and, then, deliberately decided to do or not do a specific act." Rather, the presumption is "that what the particular defense lawyer did at trial . . . were acts that some reasonable lawyer might do." *Chandler,* 218 F.3d at 1314-15.

### Discussion

A review of the record demonstrates that, for the reasons stated herein, Montano's motion to vacate must be DENIED.

**Ground One**

Montano argues his counsel was ineffective for disregarding his request to file a notice of appeal as he alleges counsel agreed to do at the sentencing hearing (CV Dkt. 1, p. 5). In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the United States Supreme Court described the proper application of the *Strickland* test to claims alleging counsel was constitutionally ineffective for failing to file a notice of appeal. First, the court must determine whether the defendant made a specific request for counsel to file a notice of appeal. If such a request was made and disregarded by counsel, counsel acted in a *per se* unreasonable manner. *See id.* at 477. If the court finds that the defendant neither instructed counsel to file an appeal nor asked that an appeal not be taken, the court must determine whether counsel "consulted" with the defendant concerning the benefits and detriments of filing an appeal and made a reasonable effort to determine the defendant's wishes. *See id.* at 488. "If counsel has consulted with the defendant ... then [c]ounsel

performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.* However, if counsel did not consult with the defendant, the court must determine whether the attorney had an affirmative duty to consult with the client regarding the appeal. Counsel has an constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either: (1) any rational defendant would want to appeal; or (2) the defendant reasonably demonstrated an interest in appealing. *See id.* at 479-80. Finally, in addition to showing unreasonable deficiency, the defendant must also show that the failure to file a notice of appeal caused prejudice. *See Suarez v. United States*, 2007 WL 117706 at *1 (11th Cir., Jan. 18, 2007). "[T]o show prejudice under these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* (citing *Flores-Ortega*, 528 U.S. at 484).

A review of the record shows that the *Strickland* test as applied in *Flores-Ortega* does not entitle Montano to relief. Montano has not substantiated his claim by providing any evidence that he requested counsel to file an appeal. A review of the sentencing transcript indicates Montano did not affirmatively request an appeal. (CR Dkt. 117). Furthermore, the Government has provided evidence in the form of defense counsel's presentence notes and post-sentence correspondence between defense counsel and Montano. (CV Dkt. 5, Attachs.). Although the correspondence documents Montano's inquiring about the status of his appeal, nothing in counsel's notes or correspondence indicates that Montano affirmatively requested counsel to appeal his sentence. In a letter dated August 9, 2005, Montano wrote to counsel:

>Dear Mr. [sic] Dyer,

> I am respectfully writing to you requesting copies of my Docket Sheet, Sentencing Transcripts, Sentencing [R]eport, Plea Agreement and Commitment order.
>
> I also wanted to enquire if there was an appeal pending on my case.

(CV Dkt. 5, Attach., p. 4). In a letter dated August 23, 2005, counsel replied to Montano:

> Dear Mr. Rivas-Montano:
>
> I am in receipt of you [sic] August 9, 2005 letter. Please find enclosed the items you requested that I am in possession of. There are no transcripts because there was no appeal. As we discussed prior to your sentencing, you waived most of your appellate rights in your plea agreement. Additionally, your sentence was below the recommended range in the PreSentence Report and therefore was better than expected. As such, there were no grounds for an appeal. We previously discussed that if you were sentenced within or below the recommended range we would not file an appeal because there would be no grounds. Based on these discussions I did not file an appeal.

(CV Dkt. 5, Attach., p. 6).

Counsel visited Montano in jail where she discussed the appeal waiver with him and Montano indicated he understood the appeal waiver. (CV Dkt. 5, Attach. at pp. 2-3). Additionally, the transcript of the change of plea hearing reinforces that Montano understood the appeal waiver and that he would not be permitted to appeal unless he was sentenced above the guideline range or statutory maximum (CR Dkt. 145, pp. 27-28). At sentencing, not only did the Court not exceed the guidelines, but the Court departed downward and imposed a sentence substantially below the guidelines range (CR Dkt. 102, p. 2). Because Montano received a sentence that was fifty-three months below the calculated guidelines range, there was no reason for Montano's counsel to think that as a rational defendant, Montano would want to appeal such a favorable sentence. Furthermore, counsel's letters support the proposition that Montano did not affirmatively

ask her to appeal his sentence.

Montano has failed to demonstrate that his attorney was ineffective for failing to file an appeal. His pleadings are insufficient to show that he specifically expressed any desire to appeal. Therefore, defense counsel did not have a *per se* duty to appeal. *See Carabali-Garces v. United States*, 2006 WL 289109 at *4 (M.D. Fla., Feb. 7, 2006). Moreover, the record shows that counsel consulted with Montano regarding the decision to appeal or not to appeal. Montano has not met his burden to show that counsel was ineffective for failing to file an appeal and he is not entitled to relief on this claim.

Furthermore, the analysis of the present case under *Flores-Ortega* demonstrates that Montano is not entitled to an evidentiary hearing. Montano has the burden of establishing the need for a hearing. *See Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984) (en banc). "Under Rules Governing Section 2255 Cases, Rule 4(b), a district court faced with a § 2255 motion may make an order for its summary dismissal '[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief[.]'" *Broadwater v. U.S.*, 292 F.3d 1302, 1303 (11th Cir. 2003) (quoting 28 U.S.C. foll. § 2255). No hearing is required when the record establishes that a § 2255 motion lacks merit. *See U.S. v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984). Montano has not established a basis for an evidentiary hearing in the present case.

**Ground Two**

Montano alleges his counsel was ineffective for failing to argue that the indictment was defective. (CV Dkt. 1, p. 4). Montano argues that the indictment was invalid because

it was multiplicitous and duplicitous in nature.  (CV Dkt. 1, p. 4).[1]  Count One of the indictment reads as follows:

### Count One

From an unknown date through on or about November 23, 2002, while onboard the LUZ MARIA, a vessel subject to the jurisdiction of the United States, with the Middle District of Florida being the place at which the defendants will enter the United States, the defendant[],

DELMAR RIVAS MONTANO

[other named defendants omitted]

did knowingly and willfully combine, conspire and agree with other persons known and unknown to the Grand Jury, to possess with the intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance, in violation of Title 46 Appendix, United States Code, Sections 1903(a) and 1903(g).

All in violation of Title 46 Appendix, United States Code, Sections 1903(a), 1903(g), and 1903(j); and Title 21, United States Code, Section 960(b)(1)(B)(ii).

(CR Dkt. 6).

Pursuant to 21 U.S.C. § 846, an indictment is sufficient if it alleges a conspiracy to distribute drugs, the time during which the conspiracy was operative, and the statute

---

[1] Montano also states in Ground Two that the Indictment was invalid because it was constructively amended by the presentence investigation report.  However, Montano fails to explain this argument, and as such, the Court rejects it without further discussion.

allegedly violated. *See United States v. Marable*, 578 F.2d 151, 154 (5th Cir. 1978)[2] *overruled on other grounds, United States v. Rodriguez*, 612 F.2d 906, 919, n. 35 (5th Cir. 1980) (en banc). Moreover, the Eleventh Circuit has held "[a]n indictment charging a conspiracy under 21 U.S.C. § 846 need not be as specific as an indictment charging a substantive count." *United States. Pease*, 240 F.3d 938, 943 (11th Cir. 2001). Montano's indictment was not defective because it clearly set forth the necessary elements of the offense. Because the indictment was not defective, Montano's counsel was not deficient in her performance for failing to argue that the indictment was defective. Furthermore, Montano has failed to demonstrate any prejudice as a result of counsel's actions. Accordingly, relief on this claim will be denied.

**Grounds Three and Four**

In Ground Three, Montano alleges his counsel was ineffective for failing to argue that he was a minor participant in the conspiracy. In Ground Four, he contends that his counsel was ineffective for lacking maritime and international law experience. (CV Dkt. 1, pp. 4-5). The appeal waiver in Montano's plea agreement bars his asserting both of these claims. The waiver reads, in part: "defendant . . . expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground . . . except for an upward departure by the sentencing judge or a sentence above the statutory maximum or a sentence in violation of the law apart from the sentencing guidelines." In Montano's case, the Court actually departed downward and imposed a sentence substantially below the

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

guidelines range calculated in the presentence investigation report (CR Dkt. 102, p. 2).

Even if Grounds Three and Four were not barred by the appeal waiver, Montano would not be entitled to relief. As to Ground Three, while Montano's counsel did not argue for a minor role reduction, she successfully argued that Montano should receive a sentence consistent with the other crewmen and not a substantially longer sentence due to his three criminal history points and category two criminal history. (CR Dkt. 117, pp. 13-16). In addition, Montano cannot show prejudice because a minor role argument would not have been successful. Montano has presented no evidence to demonstrate that his role was any less than the other crewmen.

Montano cannot prevail on Ground Four because maritime and international law were not relevant to his case. This Court routinely hears cases involving go-fast vessels, and such cases do not require maritime and international law expertise on the part of the attorney defending the case. Montano's counsel, a federal public defender, had the requisite criminal law knowledge to serve as effective defense counsel. Therefore, Montano cannot show counsel was deficient or that he suffered any prejudice.

Accordingly, the Court orders:

That Montano's § 2255 motion to vacate (CR Dkt. 154, CV Dkt. 1) is denied. The Clerk is directed to enter judgment against Montano in the civil case and to close that case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district

court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on April 9, 2007.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Counsel of Record
Delmar Rivas-Montano